UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARBARY JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:07CV860 CDP ) |
| MISSOURI BOARD OF PROBATION AND PAROLE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff is a parolee who contends that the monthly fee assessed against him by the Missouri Board of Probation and Parole violates the Ex Post Facto Clause of the United States Constitution, is forbidden by the Constitution's Bill of Attainder Clause, and deprives him of due process. The Missouri Board of Probation and Parole moves for dismissal of this action under the Eleventh Amendment.[1] Plaintiff does not dispute that the Missouri Board of Probation and Parole is an instrumentality of the State of Missouri. Even though this suit is for declaratory and injunctive relief, the Eleventh Amendment bars plaintiff's claims.

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Private individuals may not sue non-consenting states in federal court. Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). There is no evidence that defendant's Eleventh Amendment immunity has been waived in this case.

"While under the doctrine set forth in Ex Parte Young, 209 U.S. 123 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies." Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007) (citing Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs., 443 F.3d 1005, 1017 (8th Cir. 2006), vacated on other grounds, -- U.S. --, 127 S. Ct. 3000, -- L.Ed.2d -- (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency)). For this reason, plaintiff's complaint must be dismissed.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#9] is granted, and plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2007.

---

[2] Because the Eleventh Amendment bars plaintiff's claims, I need not, and therefore do not, consider defendant's alternative grounds for dismissal. I note, however, that plaintiff opposed dismissal on these alternative grounds.